**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1392
_____

RICARDO FERNANDES-GOMES; JESSICA CARDOSO
PEREIRA-FERNANDES; and H.A. C.-F.,

Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA
_____

On Petition for Review of a Decision of the Board of Immigration Appeals
(Agency Nos. A216-904-300, -301, and -302)
Immigration Judge: Jason L. Pope
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on December 12, 2024

Before: BIBAS, CHUNG, and ROTH, *Circuit Judges*

(Filed: December 18, 2024)
_____

OPINION*
_____

BIBAS, *Circuit Judge*.

Ricardo Fernandes-Gomes, his wife Jessica Cardoso Pereira-Fernandes, and their

daughter H.A. C.-F. are Brazilians. In 2018, Ricardo lost his job as a driver. Though he

_____

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

kept working informally as an "app driver," he did not earn enough to pay the bills. AR 130. Ricardo borrowed money from a loan shark but could not pay him back. In mid-2018, the loan shark threatened him, demanding repayment. Ricardo was scared but dared not report the threats to the police. He thought police would not help but, when asked, could not explain why.

The family lived in a dangerous neighborhood, with lots of thefts, drug users, and home robberies. In the spring of 2021, five bandits invaded their home, locked them in the bedroom, and robbed them. Though the bandits threatened to kill them if they called the police, the family did report the robbery. Police arrived three hours later and promised to investigate but noted that it would be hard to catch the bandits.

Fearing retaliation, the family came to the United States illegally in mid-2021. The government caught them and put them into removal proceedings. Though they applied for asylum, withholding of removal, and Convention Against Torture protection, the immigration judge denied their applications. The Board of Immigration Appeals affirmed, dismissing their appeal.

The Board adopted the immigration judge's decision, so we review both decisions. *Green v. Att'y Gen. of U.S.*, 694 F.3d 503, 506 (3d Cir. 2012). We review the findings of fact for substantial evidence, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Herrera-Reyes v. Att'y Gen. of U.S.*, 952 F.3d 101, 106 (3d Cir. 2020). We review legal questions de novo. *Herrera-Reyes*, 952 F.3d at 106.

The family claims asylum based on three particular social groups: Brazilian crime victims, debtors not protected by the Brazilian government, and unemployed people victimized by Brazilian government corruption. All three fail.

As the immigration judge and Board found, all three lack particularity—their boundaries are fuzzy. Nor was there any proof that any of these groups is socially distinct in Brazil. Plus, the crime-victims group is circular; "a 'particular social group' must exist independently of the persecution." *Lukwago v. Ashcroft*, 329 F.3d 157, 172 (3d Cir. 2003). The family members belong to that group because they were victimized, rather than the other way around, so membership in that group did not cause their suffering. And they do not even belong to the group of unemployed victims of government corruption. Fernandes-Gomes kept working (albeit informally) and does not allege that he suffered from corruption.

Also, the family members' fears of future persecution are not reasonable. After the loan shark's threats, they lived in Brazil for three years without incident. They offer no evidence, only speculation, that the loan shark or robbers are searching for them or would target them again. Nor do they offer any evidence that any future violence would be on account of a protected ground. Fernandes-Gomes says he wants to denounce the Brazilian government for corruption (though he has not yet done so), but the agency reasonably found that fear too speculative. As for the Convention Against Torture claim, the robbery was not bad enough to amount to past torture. And in any event, the immigration judge reasonably found the fear of future torture speculative. Because the agency applied the right law to facts supported by substantial evidence, we will deny the petition for review.